IN THE SUPREME COURT OF THE STATE OF MONTANA
OP 22-0045

FILED

03/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0045

RUSSELL SCOTT AVERY,

Petitioner,

v.

JIM SALMONSEN, Warden,
MONTANA STATE PRISON,

Respondent.

MAR 2 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Russell Scott Avery petitions this Court for habeas corpus relief, alleging that the Missoula County District Court revoked his parole. In compliance with this Court's February 3, 2022 Order, the Department of Corrections (the Department) responds that Avery has not demonstrated illegal incarceration and that his Petition should be denied. Section 46-22-101(2), MCA.

In May 2012, the Missoula County District Court sentenced Avery to the Montana State Prison (MSP) for thirty years with twenty years suspended for felony sexual intercourse without consent. The Board of Pardons and Parole (Board) granted Avery parole on April 14, 2020. In March 2021, he violated his parole in Lewis and Clark County when he was charged with a new offense, criminal possession of dangerous drugs. On May 25, 2021, the Missoula County District Court revoked his 2012 sentence because Avery violated his conditions. The court committed him to the DOC for twenty years with seventeen years suspended. In a separate proceeding on July 21, 2021, the Board revoked Avery's parole because he violated laws and conduct, used illegal drugs, and associated with other probationers and parolees.

Avery states that the Missoula County "District Court Violated [his] Due Process Rights when it Unilaterally [superseded] the Statutory Authority of the State Board of Parole and revoked [his] April 14, 2020[] Parole." Avery contends that instead of having the Board revoke his parole, the District Court revoked his "suspended sentence" and

imposed a new sentence. Avery notes in his Petition that at his May 25, 2021, revocation hearing before the District Court, he argued that as a parolee he was under the Jurisdiction of the Parole Board and the District Court lacked jurisdiction to revoke him because "I have not began [sic] my suspended sentence untill [sic] September, 2021."

Avery is correct that the Board retained jurisdiction over his parole status. But contrary to Avery's contention, the District Court did not supersede the Board's statutory authority by revoking his parole. The District Court revoked Avery's suspended sentence and reimposed a twenty-year sentence with seventeen years suspended. While it is true that Avery had not yet begun serving the suspended portion of his originally imposed sentence, § 46-18-203(2), MCA, allows for a petition to revoke a suspended sentence "either before the period of suspension . . . has begun or during the period of suspension." *State v. Graves*, 2015 MT 262, ¶ 14, 381 Mont. 37, 355 P.3d 769 (quoting § 46-18-203(2), MCA).

Avery has not demonstrated illegal incarceration or that he is entitled to habeas corpus relief. Section 46-22-101(1), MCA. He has not shown violations of his constitutional rights, such as due process. Avery was subject to the jurisdiction of both the District Court and the Board. Avery violated his parole with a non-compliance violation, resulting in two separate revocation processes. The District Court had statutory authority to revoke his twenty-year suspended sentence. Section 46-18-203(7)(a)(iii), MCA. The District Court did not revoke his parole because that is the province of the Board. Section 46-23-1025(3)(c), MCA. Therefore,

IT IS ORDERED that Avery's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Russell Scott Avery personally.

DATED this 22 day of March, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
Justices